1  Michael J. Gomez (State Bar No. 251571)
   mgomez@frandzel.com
2  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   1000 Wilshire Boulevard, Nineteenth Floor
3  Los Angeles, California 90017-2427
   Telephone: (323) 852-1000
4  Facsimile: (323) 651-2577

5  Attorneys for Plaintiff, Preferred Bank

6              **UNITED STATES BANKRUPTCY COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8                   **SANTA ANA DIVISION**

9

| 10 | In re | Case No. 8:25-bk-12319-SC |
| 11 | TESORO REDLANDS DE, LLC, | Chapter 11 |
| 12 | Alleged Debtor. | Adversary Proceeding No. |
| 13 | | |
| 14 | PREFERRED BANK, a California banking corporation, | **COMPLAINT FOR:** |
| 15 | Plaintiff, | **1. Declaratory Relief;**<br>**2. Injunctive Relief; and** |
| 16 | v. | **3. Damages for Willful Violations of the Automatic Stay.** |
| 17 | PATRICK THEODORA, an individual, | Hon. Scott C. Clarkson |
| 18 | Defendant. | |

19

20

21

22

23

24

25

26

27

28

5716074v3 | 050625-0783

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Plaintiff Preferred Bank ("Plaintiff" or "Preferred") files this complaint ("Complaint") for an injunction, declaratory relief, and damages against Defendant Patrick Theodora ("Theodora") for violations of the automatic stay in the involuntary bankruptcy case of the alleged debtor, Tesoro Redlands DE, LLC ("Tesoro"), and, in support, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This adversary proceeding is commenced pursuant to Fed. R. Bankr. P. 7001 and 7065 (the "Bankruptcy Rules"); 11 U.S.C. §§ 105(a) and 362 (the "Bankruptcy Code"); and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

4.      At all times mentioned herein, Preferred is a banking corporation organized and existing under the laws of the state of California, with a principal place of business in Los Angeles, California.

5.      Plaintiff is informed and believes, and thereon alleges, that Theodora is an individual residing in Los Angeles, California.

## THE LOAN

6.      On or about February 24, 2022, Preferred made a $39,000,000.00 loan to Tesoro ("Loan"), evidenced by a Loan and Security Agreement with Tesoro, which Tesoro signed and delivered to Preferred ("Loan Agreement").

7.      In accordance with the terms of the Loan Agreement, on or about February 24, 2022, Tesoro executed and delivered to Preferred a Promissory Note ("Note") in the original principal amount of $39,000,000.00.

8.      As security for the Note, on February 24, 2022, Tesoro executed and delivered to Preferred that certain Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing ("Deed of Trust") granting Preferred a security interest in all of Tesoro's rights, title, and interest

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1   in the real property commonly known as 106 West Pennsylvania Avenue, Redlands, CA 92374-

2   2249 and legally described in the Deed of Trust ("Property").

3        9.    Preferred perfected its interest in the Property by, among other things, recording the

4   Deed of Trust on February 28, 2022, as Instrument Number 2022-0077762 with the County

5   Recorder for San Bernardino County.

6        10.    On or about February 24, 2022, Tesoro executed and delivered to Preferred an

7   Absolute Assignment of Leases, Lease Guaranties, Rents, Issues and Profits ("Assignment of

8   Rents" and collectively with the Loan Agreement, Note, Deed of Trust, and other documents

9   executed in connection with the Loan, the "Loan Documents"), recorded on February 28, 2022, as

10   Instrument Number 2022-0077763 with the County Recorder for San Bernardino County.

11                                   **THE BANKRUPTCY PROCEEDINGS**

12        11.    In 2024, Tesoro defaulted on the Loan by, among other things, failing to make the

13   monthly payments due to Preferred under the Loan Documents. Accordingly, Preferred

14   commenced nonjudicial foreclosure proceedings.

15        12.    On March 10, 2025, prior to Preferred's scheduled foreclosure against the Property,

16   Tesoro filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the District

17   of Delaware. Some affiliates of Tesoro filed on or about that date, including as early as February

18   28, 2025.

19        13.    That filing commenced several chapter 11 bankruptcy cases, all of which were

20   eventually jointly administered under the lead case of MOM CA Investco LLC, et al., case number

21   25-10321-BLS ("MOM CA Cases"). Included in those jointly-administered MOM CA Cases was

22   Tesoro's bankruptcy case, assigned case number 25-10442-BLS (the "Delaware Case").

23        14.    On August 18, 2025,  the Delaware Bankruptcy Court entered an order dismissing

24   the MOM CA Cases, including the Delaware Case.

25        15.    On August 21, 2025 ("Petition Date"), Petitioning Creditors Kotzeff Construction

26   ("Kotzeff"), Coastline Santa Monica Investments, LLC ("Coastline"), and Vierengruppe

27   Management Inc. ("Vierengruppe" and collectively, the "Petitioning Creditors") filed an

28   involuntary chapter 11 bankruptcy petition against Tesoro in the United States Bankruptcy Court

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    for the Central District of California, commencing the instant bankruptcy case (the

2    "California Case"). A true and correct copy of the Involuntary Petition for Relief for the California

3    Case is attached hereto as **Exhibit 1.**

4          16.    On September 11, 2025, the bankruptcy court in the California Case entered an

5    order granting Preferred's motion for relief from the automatic stay ("RFS Motion") (Dkt. 6).

6    Theodora attended the hearing on the RFS Motion.

7          17.    On September 15, 2025, Preferred completed a nonjudicial foreclosure on the

8    Property and was the successful bidder. A true and correct copy of the Trustee's Deed Upon Sale,

9    recorded on September 16, 2025, as Instrument Number 2025-0222999 with the County Recorder

10   for San Bernardino County is attached hereto as **Exhibit 2.**

11   <u>**ATTEMPTS AND/OR LITIGATION TO CONTROL ESTATE PROPERTY AND**</u>

12   <u>**THEODORA'S ONGOING KNOWLEDGE OF THE CALIFORNIA CASE**</u>

13         18.    After the California Case had been filed, on September 15, 2025, Theodora filed a

14   Complaint against Tesoro in the Superior Court of the State of California, County of San

15   Bernardino, commencing case number CIVSB2526803 ("State Court Action"). A copy of the

16   complaint from the State Court Action is attached as **Exhibit 3**.

17         19.    On September 19, 2025, Theodora recorded a Notice of Pendency of Action against

18   the Property assigned as Instrument Number 2025-0225709 with the County Recorder for San

19   Bernardino County (the "Lis Pendens"), which he caused to be served on or about September 15,

20   2025. A true and correct copy of the Lis Pendens is attached as **Exhibit 4**. A true and correct copy

21   of the email dated September 15, 2025, where counsel for Theodora sent the complaint and the Lis

22   Pendens to counsel for Preferred is attached as **Exhibit 5**.

23         20.    Upon the filing of the California Case, an automatic stay arose by operation of law.

24   Such stay enjoins all entities from, among other things: (a) "the commencement or continuation,

25   including the issuance or employment of process, of a judicial, administrative, or other action or

26   proceeding against the debtor that was or could have been commenced before the commencement

27   of the case under this title, or to recover a claim against the debtor that arose before the

28   commencement of the case under this title" 11 U.S.C. § 362(a)(1); (b) "any act to obtain

1   possession of property of the estate or of property from the estate or to exercise control over

2   property of the estate." 11 U.S.C. § 362(a)(3); (c) "any act to create, perfect, or enforce any lien

3   against property of the estate" 11 U.S.C. § 362(a)(4); (d) "any act to create, perfect, or enforce

4   against property of the debtor any lien to the extent that such lien secures a claim that arose before

5   the commencement of the case under this title" 11 U.S.C. § 362(a)(5); and (e) "any act to collect,

6   assess, or recover a claim against the debtor that arose before the commencement of the case under

7   this title." 11 U.S.C. § 362(a)(6).

8       21.     Theodora was aware of the California Case earlier than September 11, 2025, when

9   he was present for the hearing on the RFS Motion.

10      22.     At no time did Theodora seek relief from the automatic stay for filing the complaint

11  in the State Court Action or recording the Lis Pendens.

12                        **FIRST CLAIM FOR RELIEF**

13            **(Declaratory Relief for Violation of the Automatic Stay)**

14      23.     Preferred hereby realleges and incorporates each of the above paragraphs as though

15  fully set forth herein.

16      24.     This is a claim for declaratory relief under 28 U.S.C. §§ 2201 et seq.

17      25.     Pursuant to 28 U.S.C. § 2201, this Court "may declare the rights and other legal

18  relations of any interested party seeking such declaration, whether or not further relief is or could

19  be sought." In addition, pursuant to 28 U.S.C. § 2202, this Court may grant "further necessary or

20  proper relief based on a declaratory judgment or decree."

21      26.     An actual case or controversy exists between Theodora and Preferred. The parties

22  are in need of a judicial determination concerning their rights and legal obligations with respect to

23  one another.

24      27.     This lawsuit is judicially economical because it will decide issues that are critical to

25  resolving the parties' rights and obligations.

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**Count 1**

**Theodora Violated 11 U.S.C. § 362(a)(1)**

28.     Section 362(a)(1) of the Bankruptcy Code prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

29.     Theodora's filing of the complaint commencing the State Court Action and recordation of the Lis Pendens occurred after the California Case had been commenced and Plaintiff is informed and believes, and thereon alleges, that the filing of the complaint commencing the State Court Action and recordation constituted the commencement or the continuation of an action against Tesoro or Tesoro's Property, or to recover a claim against them that arose prior to the Petition Date, in violation of § 362(a)(1).

**Count 2**

**Theodora Violated 11 U.S.C. § 362(a)(3)**

30.     Section 362(a)(3) of the Bankruptcy Code prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

31.     Upon the commencement of the California Case, the Property was owned by Tesoro and, therefore, became "property of the estate" under 11 U.S.C. § 541(a)(1).

32.     Theodora's filing of the complaint commencing the State Court Action and recordation of the Lis Pendens occurred after the California Case had been commenced and Plaintiff is informed and believes, and thereon alleges, that they constituted acts to obtain possession and/or to exercise control over the Property in violation of § 362(a)(3).

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**Count 3**

**Theodora Violated 11 U.S.C. § 362(a)(4)**

33.     Section 362(a)(3) of the Bankruptcy Code prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). A "lien" is defined as "charge against or interest in property to secure payment of a debt or performance of an obligation."

34.     Upon the commencement of the California Case, the Property was owned by Tesoro and, therefore, became "property of the estate" under 11 U.S.C. § 541(a)(1).

35.     Plaintiff is informed and believes, and thereon alleges, that Theodora's filing of the complaint commencing the State Court Action and recordation of the Lis Pendens after the California Case had been commenced constituted the creation and perfection of a lien against the Property in violation of § 362(a)(4).

**Count 4**

**Theodora Violated 11 U.S.C. § 362(a)(5)**

36.     Section 362(a)(5) of the Bankruptcy Code prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title" 11 U.S.C. § 362(a)(5).

37.     Upon the commencement of the California Case, the Property was owned by Tesoro and, therefore, was "property of the debtor."

38.     Plaintiff is informed and believes, and thereon alleges, Theodora's filing of the complaint commencing the State Court Action and recordation of the Lis Pendens after the California Case had been commenced constituted the creation and perfection of a lien against the Property in violation of § 362(a)(5).

**Count 5**

**Theodora Violated 11 U.S.C. § 362(a)(6)**

39.     Section 362(a)(6) of the Bankruptcy Code prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

40.     Plaintiff is informed and believes, and thereon alleges, Theodora's filing of the complaint commencing the State Court Action and recordation of the Lis Pendens after the California Case had been commenced constituted acts to collect, assess, or recover a prepetition claim against Tesoro or Tesoro's Property in violation of § 362(a)(6).

**All Counts**

41.     The automatic stay is designed to protect, among others, creditors of the debtor's bankruptcy estate. Preferred was, at the time of the filing of the State Court Action and recordation of the Lis Pendens, a creditor of Tesoro's bankruptcy estate. Therefore, Tesoro's automatic stay was supposed to protect and apply to Preferred, as a creditor of the estate as well as others.

42.     The filing of the complaint commencing the State Court Action and recording of the Lis Pendens occurred after the California Case was commenced.

43.     Plaintiff is informed and believes, and thereon alleges, that Theodora has not withdrawn the State Court Action or Lis Pendens and continues to violate the stay by keeping them in place.

44.     Absent an order of this Court, Theodora will likely continue to violate the automatic stay.

45.     Accordingly, Preferred seeks a declaration that such (a) acts described in each Count listed above, and (b) Theodora's failure and refusal to remedy such acts, violated and continues to violate the automatic stay and that each such act is void, ab initio.

## SECOND CLAIM FOR RELIEF

### (Injunctive Relief Against Theodora )

46.     Preferred hereby realleges and incorporates each of the above paragraphs as though fully set forth herein.

47.     Under § 105(a), this court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

48.     The acts of filing of the complaint in the State Court Action and the recording of the Lis Pendens are void ab initio because they violated the automatic stay.

49.     As a direct and proximate result of Theodora's actions in the Counts listed above, Preferred has suffered, and continued to suffer, significant harm, including, but not limited to, the inability to resell the real-estate-owned Property, the depression in the market value of the Property, the cloud on title to the Property, the loss of economic interests in the Property, the opportunity costs associated therewith, and the accumulation of legal costs and fees (including attorney's fees and expenses) incurred by the enforcement and protection of its rights.

50.     Accordingly, Preferred seeks a temporary restraining order and permanent injunction against Theodora, compelling him to withdraw the Lis Pendens, dismiss the State Court Action, and preventing him from continuing to violate the automatic stay by prosecuting and continuing to maintain the State Court Action, or a similar action, against Tesoro.

## THIRD CLAIM FOR RELIEF

### (Judgment for Damages Against Theodora for Willful Violations of Automatic Stay)

51.     Preferred hereby realleges and incorporates each of the above paragraphs as though fully set forth herein

52.     Theodora was aware of the automatic stay as late as the September 11, 2025, hearing on the RFS Motion.

53.     Despite his actual knowledge of the stay, he filed the State Court Action and recorded the Lis Pendens. Plaintiff is informed and believes, and thereon alleges, he has continued to violate the stay by maintaining the State Court Action and the Lis Pendens and prosecuting the State Court Action. Such actions constitute willful, continuing violations of the automatic stay. Such violations have caused Preferred to suffer harm. Such violations are a substantial factor in Preferred suffering harm. Such harm includes, but is not limited to, compensatory damages in an amount according to proof at trial and sanctions.

**WHEREFORE,** Preferred prays for judgment against Theodora as follows:

**On the First Claim for Relief:**

54.     A declaratory judgment that (a) Theodora violated the stay by filing of the complaint commencing the State Court Action and recording the Lis Pendens and not withdrawing it after his knowledge of the California Case, and (b) that the Lis Pendens is void ab initio.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    **On the Second Claim for Relief:**

2    55.    A temporary restraining order and permanent injunction compelling Theodora to

3    withdraw the Lis Pendens and preventing him from continuing to violate the automatic stay by

4    prosecuting and continuing to maintain the State Court Action against Tesoro.

5    **On the Third Claim for Relief:**

6    56.    A money judgment against Theodora in an amount subject to proof at trial, but not

7    less than $10,000.

8    **On all Claims for Relief:**

9    57.    For costs of suit incurred herein;

10    58.    For sanctions in an amount according to proof; and

11    59.    For such further relief as the Court deems just and proper.

12    DATED:  October 7, 2025    FRANDZEL ROBINS BLOOM & CSATO, L.C.

13

14

15    By:    /s/ Michael J. Gomez

MICHAEL J. GOMEZ
Attorneys for Plaintiff, Preferred Bank

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# EXHIBIT 1

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*if known*): _____     Chapter _____

☐ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1:     Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

**1. Chapter of the Bankruptcy Code**

Check one:

☐ Chapter 7
☑ Chapter 11

## Part 2:     Identify the Debtor

**2. Debtor's name**

Tesoro Redlands DE, LLC

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business* as names.

_____
_____
_____

**4. Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

82-1322764
EIN

**5. Debtor's address**

Principal place of business

520     Newport Center Drive
Number     Street

Suite 480

Newport Beach          CA     92660
City                   State   ZIP Code

Orange County
County

Mailing address, if different

_____
Number     Street

_____
P.O. Box

_____
City          State   ZIP Code

Location of principal assets, if different from principal place of business

_____
Number     Street

_____

_____
City          State   ZIP Code

| Debtor | Tesoro Redlands DE, LLC | Case number (if known) _____ |
|---|---|---|
| | Name | |

| 6. | Debtor's website (URL) | _____ |
|---|---|---|

| 7. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other type of debtor. Specify: _____ |

| 8. | Type of debtor's business | *Check one:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☐ None of the types of business listed. |
| | | ☐ Unknown type of business. |

| 9. | To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor? | ☑ No |
|---|---|---|
| | | ☐ Yes. Debtor _____ Relationship _____ |
| | | District _____ Date filed _____ Case number, if known _____ |
| | | MM / DD / YYYY |
| | | Debtor _____ Relationship _____ |
| | | District _____ Date filed _____ Case number, if known _____ |
| | | MM / DD / YYYY |

## Part 3: Report About the Case

| 10. | Venue | *Check one:* |
|---|---|---|
| | | ☑ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district. |

| 11. | Allegations | Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b). |
|---|---|---|
| | | The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a). |
| | | *At least one box must be checked:* |
| | | ☑ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount. |
| | | ☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. |

| 12. | Has there been a transfer of any claim against the debtor by or to any petitioner? | ☑ No |
|---|---|---|
| | | ☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a). |

Debtor    Tesoro Redlands DE, LLC
_____    Case number (if known) _____
Name

**Name and mailing address of petitioner**

Kobzeff Construction
_____
Name
5062 Vallecito Avenue
_____
Number    Street
Westminster, CA 92683
_____
City                    State         ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City                    State         ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/21/2025
            ‾‾‾‾‾‾‾‾‾‾‾‾‾‾
            MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

Michael Jay Berger
_____
Printed name
Law Offices of Michael Jay Berger
_____
Firm name, if any
9454 Wilshire Blvd., 6th Floor
_____
Number    Street
Beverly Hills              CA   90212
_____
City                    State         ZIP Code
Contact phone  310-271-6223  Email _____

Bar number    100291
            _____

State _____

✗ _____
Signature of attorney

Date signed    _____
            MM / DD / YYYY

**Name and mailing address of petitioner**

Coastline Santa Monica Investments, LLC
_____
Name
520 Newport Center Dr #480
_____
Number    Street
Newport Beach        CA      92660
_____
City                    State         ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City                    State         ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/21/2025
            ‾‾‾‾‾‾‾‾‾‾‾‾‾‾
            MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

_____
Printed name

_____
Firm name, if any

_____
Number    Street

_____
City                    State         ZIP Code
Contact phone _____  Email _____

Bar number    _____

State _____

✗ _____
Signature of attorney

Date signed    _____
            MM / DD / YYYY

| Debtor | Tesoro Redlands DE, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 13. Each petitioner's claim | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|---|
| | Vierergruppe Management Inc. | | $ 42,290.35 |
| | Kobzeff Construction | | $ 57,200.00 |
| | Coastline Santa Monica Investments, LLC | | $ 17,255,316.00 |
| | | Total of petitioners' claims | $ 17,354,806.35 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

### Part 4:   Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**                    **Attorneys**

Name and mailing address of petitioner

Vierergruppe Management Inc.
_____
Name

1932 E. Deere Ave Suite 150
_____
Number    Street

Santa Ana, CA 92705
_____
City                         State          ZIP Code

Name and mailing address of petitioner's representative, if any

_____
Name

_____
Number    Street

_____
City                         State          ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/21/2025
          MM  / DD / YYYY

**✗** _____
Signature of petitioner or representative, including representative's title

Michael Jay Berger
_____
Printed name

Law Offices of Michael Jay Berger
_____
Firm name, if any

9454 Wilshire Blvd., 6th Floor
_____
Number    Street

Beverly Hills                CA  90212
_____
City                         State          ZIP Code

Contact phone   310-271-6223   Email _____

Bar number   100291
_____

State _____

**✗** _____
Signature of attorney

Date signed _____
          MM  / DD / YYYY

Debtor    **Tesoro Redlands DE, LLC**
Name

Case number (if known) _____

---

**Name and mailing address of petitioner**

Kobzeff Construction
Name

5062 Vallecito Avenue
Number   Street

Westminster, CA 92683
City      State      ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City      State      ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/21/2025
       MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

Printed name

Firm name, if any

Number   Street

City      State      ZIP Code

Contact phone _____ Email _____

Bar number

State _____

✗ _____
Signature of attorney

Date signed _____
       MM / DD / YYYY

---

**Name and mailing address of petitioner**

Coastline Santa Monica Investments, LLC
Name

520 Newport Center Dr #480
Number   Street

Newport Beach    CA    92660
City      State      ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City      State      ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/21/2025
       MM / DD / YYYY

✗ _____
Signature of petitioner or representative, including representative's title

Michael Jay Berger
Printed name

Law Offices of Michael Jay Berger
Firm name, if any

9 45 4 Wilshire Blvd., 6th Floor
Number   Street

Beverly Hills, CA 90212
City      State      ZIP Code

Contact phone 310 _ 271 _ 6223   Email _____

Bar number   100291

State _____

✗ _____
Signature of attorney

Date signed _____
       MM / DD / YYYY

---

# EXHIBIT 2

Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

## DOC# 2025-0222999

RECORDING REQUESTED BY:

SIMPLIFILE

WHEN RECORDED MAIL DOCUMENT AND TAX
STATEMENT TO:

PREFERRED BANK
601 S. Figueroa Street, 47th Floor
Los Angeles, CA 90017

Trustee Sale No. 24-00404-2FNT
Loan No: FRB&C: 050625-0783/Tesoro Redlands DE

| | | |
|---|---|---|
| 09/16/2025 | Titles: 1 | Pages: 3 |
| 10:32 AM | | |
| SAN | Fees | $32.00 |
| | Taxes | $0.00 |
| J9784 | CA SB2 Fee | $75.00 |
| | Total | $107.00 |

## TRUSTEE'S DEED UPON SALE

Attached as Exhibit "A" to this Trustee's Deed Upon Sale is a statement that no affidavit or declaration is required by Civil Code Section 2924m(d).

APN: 0167-151-24-0-000

The undersigned grantor declares under penalty of perjury:
1. The Grantee herein was the foreclosing beneficiary.
2. The amount of the unpaid debt together with costs was        $41,387,902.83
3. The amount paid by the grantee at the trustee sale was        $37,050,580.00
4. The documentary transfer tax is                              $0.00 – R & T 11926
5. Said property is in the City of Redlands, County of San Bernardino.

FIDELITY NATIONAL TITLE COMPANY (herein called Trustee), as the duly appointed Trustee under the DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to **PREFERRED BANK, a California banking corporation** (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of San Bernardino, State of California, described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF REDLANDS, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 3 OF PARCEL MAP NO. 9105, IN THE CITY OF REDLANDS, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP FILED IN BOOK 95, PAGES 98 AND 99 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This conveyance is made pursuant to the powers conferred upon Trustee by that certain DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING recorded on February 28, 2022, as Instrument No. 2022-0077762 of official records in the office of the Recorder of San Bernardino County, CA, executed by TESORO REDLANDS DE, LLC, a Delaware limited liability company, as Trustor (the "Trustor"), and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on **September 15, 2025**. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being **$37,050,580.00** in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

Dated: September 15, 2025

**FIDELITY NATIONAL TITLE COMPANY, Trustee**

Katy Holdeman, Authorized Signor

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }ss.
County of El Dorado }ss

On September 16, 2025 before me, Jenny Taylor, Notary Public, personally appeared Katy Holdeman, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Jenny Taylor # 2432471
My Commission Expires January 22, 2027

JENNY TAYLOR
Notary Public - California
El Dorado County
Commission # 2432471
My Comm. Expires Jan 22, 2027

Exhibit "A"

No affidavit or declaration is required by Civil Code Section 2924m(d), and the lack of an affidavit or declaration shall not prevent the deed from being recorded and shall not invalidate the transfer of title pursuant to the trustee's deed.

# EXHIBIT 3

BRANDON Q. TRAN (SBN: 223435)
btran@dhillonlaw.com
JESSE D. FRANKLIN-MURDOCK (SBN: 339034)
jfranklin-murdock@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
Tel: (949) 996-8754
Fax: (415) 520-6593

Attorneys for PATRICK THEODORA

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
9/15/2025 12:01 PM
By: Grace Powell, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| PATRICK THEODORA,<br><br>Plaintiff,<br><br>v.<br><br>TESORO REDLANDS DE, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CIVSB2526803<br><br>**PATRICK THEODORA'S COMPLAINT FOR:**<br>    **(1) BREACH OF CONTRACT;**<br>    **(2) SPECIFIC PERFORMANCE;**<br>    **(3) ANTICIPATORY BREACH; AND**<br>    **(4) DECLARATORY RELIEF**<br><br>**[Request for Jury Trial]** |

Patrick Theodora ("Plaintiff") alleges as follows:

### INTRODUCTION

1.      Plaintiff, as the assignee, brings this action to enforce a Purchase and Sale Agreement to purchase the real property and improvements located at 106 West Pennsylvania Avenue., Redlands, California 92374.  Defendant has failed to proceed with the transaction, which will result in substantial harm to Plaintiff.  With this Complaint, Plaintiff seeks to obtain specific performance from Defendant pursuant to the parties' agreement.

### THE PARTIES

2.      Patrick Theodora is an individual residing in Los Angeles County, California.  He is the assignee of The Bridge Loan, Inc., who assigned all its rights and interest in the Purchase and Sale Agreement and Joint Escrow Instructions dated September 5, 2025.

1



3.      On information and belief, Defendant Tesoro Redlands DE, LLC, is a corporation formed under Delaware law with its principal place of business in Orange County, California, and is authorized to do business in San Bernardino County, California.

4.      The true names and capacities, whether individual, corporate, associate or otherwise of defendants named as Does 1 through 10, inclusive, are unknown to Plaintiff at the present time, and Plaintiff therefore sues said defendants by such fictitious designations.  Plaintiff shall request leave of court to amend this Complaint to insert the true names and capacities of the fictitiously designated defendants when the same have been ascertained with particularity. All references in this Complaint to "Defendants" shall include the specifically named and fictitiously named defendants unless specified otherwise.

5.      Plaintiff informed and believes, and on that basis alleges, that each of the Defendants named herein acted jointly, in concert, and with knowledge of the actions of each of the other Defendants; acted as the agent, servant and representative of each and every one of the other Defendants with respect to the actions complained of herein; acted at all times within the course and scope of said agency; is a successor or predecessor of Defendants' business; and/or that each is equally liable for the acts alleged below.

6.      All the Defendants acted as the agent, servant, or representative of each other with respect to the actions complained of herein, and/or were owners, operators, parent companies, affiliates and/or subsidiaries of the other Defendants sued herein.

## **JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this matter pursuant to Code of Civil Procedure § 410.10.

8.      Venue is proper in this Court under Code of Civil Procedure § 392 because the real property at issue is located in San Bernardino County.

## **FACTUAL BACKGROUND**

9.      On September 5, 2025, The Bridge Loan, Inc. and Defendant entered into the written Purchase and Sale Agreement and Joint Escrow Instructions (the "PSA") for the real property and improvements located at 106 West Pennsylvania Avenue, Redlands, California 92374 (the "Property").  Thereafter, The Bridge Loan, Inc. assigned all of its interests and rights in the PSA to Plaintiff.

10.      Pursuant to the PSA, Plaintiff agreed to purchase the Property from Defendant, and Defendant agreed to sell the Property to Plaintiff.  The purchase price for the Property was $55 million.  The PSA required the parties to close escrow on the transaction by October 5, 2025.

11.      Under the PSA, Defendant were required to deposit and delivery various closing deliverables, including, but not limited to, the grant deed, bill of sale, and assignment and assumption of the leases and rents.

12.      Defendant represented and warranted that it had the power to enter into the PSA and to perform the obligations set forth in the PSA.  Defendant further represented that the PSA was duly executed and constituted a valid, binding and enforceable obligation of Defendant.

13.      After the execution of the PSA, Defendant has failed to comply with its obligations under the PSA and has contemplated breaching the terms of the PSA.

## **FIRST CAUSE OF ACTION**

### Breach of Contract

### (Against All Defendants)

14.      Plaintiff realleges and incorporates by reference paragraphs 1 – 13 as though fully set forth herein.

15.      On September 5, 2025, Plaintiff and Defendant entered into the PSA for the sale of the Property.  The legal description of the real property portion of the Property is:

> Parcel 3 of Parcel Map No. 9105, in the City of Redlands, County of San
> Bernardino, State of California, as per Map Filed in Book 95, Pages 98 and
> 99, of Parcel Maps, in the Office of the County Recorder of Said County.
> APN: 0167-151-24-0-000

3



1    and commonly known: as 106 West Pennsylvania Avenue, Redlands,

2    California 92374.

3       16.    In as much as the PSA requires that its terms be kept confidential, Plaintiff has abided

4  by its terms and has not attached a copy herewith.

5       17.    Plaintiff has duly performed all the conditions required to be performed under the

6  written PSA, except as such performance has been excused, prevented, repudiated or estopped by

7  Defendant.

8       18.    Defendant has breached the PSA and now refuses to perform its terms.

9       19.    As a result of Defendant's breach, Plaintiff has suffered damages in a sum

10  exceeding this Court's minimum jurisdictional requirement, which are currently difficult to

11  ascertain due to the uniqueness of the Property.

12       20.    The PSA contains provision for award of cost and reasonable attorney's fees to the

13  prevailing party, and as such Plaintiff requests an award for same at the conclusion of this matter.

14                          **SECOND CAUSE OF ACTION**

15                              Specific Performance

16                            (Against All Defendants)

17       21.    Plaintiff realleges and incorporates by reference paragraphs 1 – 20 as though fully

18  set forth herein.

19       22.    The subject matter of the PSA is real property, which is unique, non-fungible, and

20  irreplaceable in character.

21       23.    Plaintiff is informed and believes and thereon alleges that the purchase price as set

22  forth in the PSA represents the fair and reasonable market value of the Property as of the date of the

23  PSA.

24       24.    Plaintiff was at all times and is now ready, willing, and able to perform all

25  conditions and covenants required on its part to be performed, in accordance with the terms and

26  conditions of the PSA and have been prevented by Defendant's conduct, breaches and repudiations.

27       25.    Defendant has failed and refused, and continues to fail and refuse, to perform the

28  conditions and covenants of the PSA.

                                  4



1      26.     Under the PSA, Plaintiff is authorized to seek specific performance should

2  Defendant fail to comply with its obligations thereunder.

3      27.     Based on the foregoing, Plaintiff requests that Defendant be ordered to specifically

4  perform the terms, conditions and covenants of the PSA, and to execute all required documents to

5  carry out the terms of the PSA and to cause the conveyance of the Property to Plaintiff.

6                              **THIRD CAUSE OF ACTION**

7                                 Anticipatory Breach

8                                (Against All Defendants)

9      28.     Plaintiff realleges and incorporates by reference paragraphs 1 – 27 as though fully

10  set forth herein.

11      29.     Plaintiff is informed and believes and thereon alleges that Defendant has

12  anticipatorily breached and repudiated its respective obligations under the PSA.

13      30.      As a result of Defendant's respective anticipatory breaches and repudiations,

14  Plaintiff is entitled to full performance by Defendant of all its obligations under the PSA.

15      31.     As a further result of Defendant's respective anticipatory breaches, Plaintiff is

16  excused and relieved from any further obligations under the terms of the PSA, until such time that

17  Defendant retracts such repudiation and agrees to proceed with its duties and obligations

18  thereunder, without further condition or reservation.

19      32.      As a result of Defendant's respective breaches, Plaintiff has suffered damages in a

20  sum exceeding this Court's minimum jurisdictional requirement, which are currently difficult to

21  ascertain due to the uniqueness of the Properties.

22                             **FOURTH CAUSE OF ACTION**

23                                 Declaratory Relief

24                                (Against All Defendants)

25      33.     Plaintiff realleges and incorporates by reference paragraphs 1 – 32 as though fully

26  set forth herein.

27

28

**COMPLAINT**



34.      Plaintiff alleges on information and belief that an actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the PSA.

35.      Plaintiff contends that the PSA is a valid and enforceable written contract between Plaintiff and Defendant for the purchase and sale of the Property, and under which Defendant is to transfer the Property to Plaintiff in exchange for Plaintiff's payment of the purchase price on the closing date.  Plaintiff alleges on information and belief that Defendant disputes these contentions and contends that the PSA is either invalid or that it is somehow excused from proceeding with the transaction.

36.      Plaintiff desires a judicial declaration of the rights, duties, and obligations of all parties under the PSA.  A judicial declaration is necessary and appropriate at this time in order that Plaintiff and Defendant may ascertain their duties, rights, responsibilities, and obligations under the PSA now and as to avoid controversy in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.      That Defendant, and their respective officers, agents, servants, employees and attorneys and each of them, be ordered to specifically perform the terms and conditions of the PSA with Plaintiff;

2.      For damages suffered by Plaintiff in an amount not yet ascertained, but which shall be reflected through leave of Court once the exact amount of such damages is ascertained;

3.      For attorneys' fees pursuant to the PSA;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem just and proper.

Date:  September 15, 2025                              By:___/s/ *Brandon Q. Tran*_____
                                                                              Brandon Q. Tran
                                                                         Jesse D. Franklin-Murdock
                                                             Attorneys for Plaintiff PATRICK THEODORA

6

**COMPLAINT**



1

## **REQUEST FOR JURY TRIAL**

2

    Plaintiff PATRICK THEODORA respectfully requests a jury trial for all applicable claims.

3

Date:  September 15, 2025                                By:     /s/ *Brandon Q. Tran*

4

                                         Shawn E. Cowles

5

                                         Brandon Q. Tran

6

                            Jesse D. Franklin-Murdock

              Attorneys for Plaintiff PATRICK THEODORA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



7

**COMPLAINT**

# EXHIBIT 4

RECORDING REQUESTED BY

DHILLON LAW GROUP INC.

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME **Brandon Q. Tran**

STREET
ADDRESS 4675 MacArthur Court, Suite 1410

CITY, STATE &
ZIP CODE Newport Beach, CA 92660



Electronically
Recorded in Official Records
San Bernardino County

**Assessor-Recorder-County Clerk**

## DOC# 2025-0225709

| 09/19/2025 08:00 AM | Titles: 1 | Pages: 3 |
|---|---|---|
| SAN | Fees | $22.00 |
| | Taxes | $0.00 |
| I4311 | CA SB2 Fee | $75.00 |
| | Total | $97.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

## NOTICE OF PENDENCY OF ACTION  (LIS PENDENS)

**(Please fill in document title(s) on this line)**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)**

1 | BRANDON Q. TRAN (SBN: 223435)
btran@dhillonlaw.com
2 | JESSE D. FRANKLIN-MURDOCK (SBN: 339034)
jfranklin-murdock@dhillonlaw.com
3 | **DHILLON LAW GROUP INC.**
4 | 4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
5 | Tel: (949) 996-8754
Fax: (415) 520-6593
6

7 | Attorneys for PATRICK THEODORA

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN BERNARDINO**

9

10 | PATRICK THEODORA, an individual,

Plaintiff,

11 |

v.

12 |

13 | TESORO REDLANDS DE, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

14 |

15 | Defendants.

Case No.:

**NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1    **NOTICE IS HEREBY GIVEN:** that on October 15, 2025, Patrick Theodora filed a

2    Complaint against Tesoro Redlands DE, LLC, which concerns and affects real property as described

3    herein.    This action affects title or the right to possess the real property located at 106 West

4    Pennsylvania Avenue., Redlands, California 92374 (the "Property"), which is also known as

5    Assessor's Parcel Number 0167-151-24-0-000.  The legal description of the Property is:

6              Parcel 3 of Parcel Map No. 9105, in the City of Redlands, County of San

7              Bernardino, State of California, as per Map Filed in Book 95, Pages 98 and

8              99, of Parcel Maps, in the Office of the County Recorder of Said County.

9

10    Date:  September 18, 2025              By: _____

11                                                            Brandon Q. Tran
                                                Attorneys for Plaintiff PATRICK THEODORA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

# EXHIBIT 5

| From: | Rania Fahim (Dhillon Law) <RFahim@dhillonlaw.com> |
| Sent: | Monday, September 15, 2023 12:17 PM |
| To: | Michael J. Mian |
| Cc: | Brandon Tran (Dhillon Law); Jesse Franklin-Murdock (Dhillon Law) |
| Subject: | [EXTERNAL] PATRICK THEODORA vs. TESORO REDLANDS DE, LLC - Service of Documents |
| Attachments: | 2025.09.15_Summons-.pdf; 2025.09.15_Cover Sheet-.pdf; 2025.09.15 - Lis Pendens.pdf; 2025.09.15 - Complaint.pdf |

Dear Counsel,

Please note that the following documents were submitted for filing today. We will forward the conformed copies upon receipt.

- SUMMONS
- CIVIL CASE COVER SHEET
- NOTICE OF PENDENCY OF ACTION (LIS PENDENS)
- PATRICK THEODORA'S COMPLAINT

Regards,

Rania Fahim
Managing Paralegal
Dhillon Law Group Inc.
4675 MacArthur Ct., Suite 1410
Newport Beach, CA 92660
Phone (949) 688-7707
Fax: (415) 520-6593

-------------------------------------



This email may be privileged communication. If you received it in error, please destroy it and inform the sender.

1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESORO REDLANDS DE, LLC, a Delaware limited liability company; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICK THEODORA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino County Superior Court

247 West Third Street, San Bernardino, CA 92415

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brandon Tran - Dhillon Law Group: 4675 MacArthur Court, Suite 1410, Newport Beach, CA 92660 - (415) 433-1700

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brandon Q. Tran (223435); Jesse D. Franklin-Murdock (339034)<br>DHILLON LAW GROUP INC. - 4675 MacArthur Court, Suite 1410, Newport Beach, CA<br><br>TELEPHONE NO.: (949) 996-8754        FAX NO.: (415) 520-6593<br>EMAIL ADDRESS: btran@dhillonlaw.com; jfranklin-murdock@dhillonlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff PATRICK THEODORA | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO**
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street,
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME:

CASE NAME:
PATRICK THEODORA vs. TESORO REDLANDS DE, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[x] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* Four
5.  This case [ ] is  [x] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 15, 2025
Brandon Q. Tran
_____                                           ▶ _____
(TYPE OR PRINT NAME)                                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

1  BRANDON Q. TRAN (SBN: 223435)
   btran@dhillonlaw.com
2  JESSE D. FRANKLIN-MURDOCK (SBN: 339034)
   jfranklin-murdock@dhillonlaw.com
3  **DHILLON LAW GROUP INC.**
4  4675 MacArthur Court, Suite 1410
   Newport Beach, CA 92660
5  Tel: (949) 996-8754
   Fax: (415) 520-6593
6
7  Attorneys for PATRICK THEODORA

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                    **FOR THE COUNTY OF SAN BERNARDINO**
9

10 | PATRICK THEODORA, an individual, | Case No.: |
   | Plaintiff, | **NOTICE OF PENDENCY OF ACTION** |
11 | | **(LIS PENDENS)** |
   | v. | |
12 | | |
   | TESORO REDLANDS DE, LLC, a Delaware | |
13 | limited liability company; and DOES 1-10, | |
   | inclusive, | |
14 | | |
   | Defendants. | |
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   1



**NOTICE IS HEREBY GIVEN:** that on October 15, 2025, Patrick Theodora filed a Complaint against Tesoro Redlands DE, LLC, which concerns and affects real property as described herein.   This action affects title or the right to possess the real property located at 106 West Pennsylvania Avenue., Redlands, California 92374 (the "Property"), which is also known as Assessor's Parcel Number 0167-151-24-0-000.  The legal description of the Property is:

> Parcel 3 of Parcel Map No. 9105, in the City of Redlands, County of San Bernardino, State of California, as per Map Filed in Book 95, Pages 98 and 99, of Parcel Maps, in the Office of the County Recorder of Said County.

Date:  September 15, 2025            By:_____
                                                           Brandon Q. Tran
                                                    Jesse D. Franklin-Murdock
                                        Attorneys for Plaintiff PATRICK THEODORA

2



BRANDON Q. TRAN (SBN: 223435)
btran@dhillonlaw.com
JESSE D. FRANKLIN-MURDOCK (SBN: 339034)
jfranklin-murdock@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
Tel: (949) 996-8754
Fax: (415) 520-6593

Attorneys for PATRICK THEODORA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| PATRICK THEODORA,<br><br>Plaintiff,<br><br>v.<br><br>TESORO REDLANDS DE, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**PATRICK THEODORA'S COMPLAINT FOR:**<br>    **(1) BREACH OF CONTRACT;**<br>    **(2) SPECIFIC PERFORMANCE;**<br>    **(3) ANTICIPATORY BREACH; AND**<br>    **(4) DECLARATORY RELIEF**<br><br>**[Request for Jury Trial]** |

Patrick Theodora ("Plaintiff") alleges as follows:

### INTRODUCTION

1.    Plaintiff, as the assignee, brings this action to enforce a Purchase and Sale Agreement to purchase the real property and improvements located at 106 West Pennsylvania Avenue., Redlands, California 92374.  Defendant has failed to proceed with the transaction, which will result in substantial harm to Plaintiff.  With this Complaint, Plaintiff seeks to obtain specific performance from Defendant pursuant to the parties' agreement.

### THE PARTIES

2.    Patrick Theodora is an individual residing in Los Angeles County, California.  He is the assignee of The Bridge Loan, Inc., who assigned all its rights and interest in the Purchase and Sale Agreement and Joint Escrow Instructions dated September 5, 2025.

**COMPLAINT**



3.     On information and belief, Defendant Tesoro Redlands DE, LLC, is a corporation formed under Delaware law with its principal place of business in Orange County, California, and is authorized to do business in San Bernardino County, California.

4.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants named as Does 1 through 10, inclusive, are unknown to Plaintiff at the present time, and Plaintiff therefore sues said defendants by such fictitious designations.  Plaintiff shall request leave of court to amend this Complaint to insert the true names and capacities of the fictitiously designated defendants when the same have been ascertained with particularity. All references in this Complaint to "Defendants" shall include the specifically named and fictitiously named defendants unless specified otherwise.

5.     Plaintiff informed and believes, and on that basis alleges, that each of the Defendants named herein acted jointly, in concert, and with knowledge of the actions of each of the other Defendants; acted as the agent, servant and representative of each and every one of the other Defendants with respect to the actions complained of herein; acted at all times within the course and scope of said agency; is a successor or predecessor of Defendants' business; and/or that each is equally liable for the acts alleged below.

6.     All the Defendants acted as the agent, servant, or representative of each other with respect to the actions complained of herein, and/or were owners, operators, parent companies, affiliates and/or subsidiaries of the other Defendants sued herein.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to Code of Civil Procedure § 410.10.

8.     Venue is proper in this Court under Code of Civil Procedure § 392 because the real property at issue is located in San Bernardino County.

**COMPLAINT**

DIG
DHILLON LAW GROUP INC.

**FACTUAL BACKGROUND**

9.      On September 5, 2025, The Bridge Loan, Inc. and Defendant entered into the written Purchase and Sale Agreement and Joint Escrow Instructions (the "PSA") for the real property and improvements located at 106 West Pennsylvania Avenue, Redlands, California 92374 (the "Property").  Thereafter, The Bridge Loan, Inc. assigned all of its interests and rights in the PSA to Plaintiff.

10.      Pursuant to the PSA, Plaintiff agreed to purchase the Property from Defendant, and Defendant agreed to sell the Property to Plaintiff.  The purchase price for the Property was $55 million.  The PSA required the parties to close escrow on the transaction by October 5, 2025.

11.      Under the PSA, Defendant were required to deposit and delivery various closing deliverables, including, but not limited to, the grant deed, bill of sale, and assignment and assumption of the leases and rents.

12.      Defendant represented and warranted that it had the power to enter into the PSA and to perform the obligations set forth in the PSA.  Defendant further represented that the PSA was duly executed and constituted a valid, binding and enforceable obligation of Defendant.

13.      After the execution of the PSA, Defendant has failed to comply with its obligations under the PSA and has contemplated breaching the terms of the PSA.

**FIRST CAUSE OF ACTION**

Breach of Contract

(Against All Defendants)

14.      Plaintiff realleges and incorporates by reference paragraphs 1 – 13 as though fully set forth herein.

15.      On September 5, 2025, Plaintiff and Defendant entered into the PSA for the sale of the Property.  The legal description of the real property portion of the Property is:

        Parcel 3 of Parcel Map No. 9105, in the City of Redlands, County of San

        Bernardino, State of California, as per Map Filed in Book 95, Pages 98 and

        99, of Parcel Maps, in the Office of the County Recorder of Said County.

        APN: 0167-151-24-0-000

3



1    and commonly known: as 106 West Pennsvlania Avenue, Redlands,

2    California 92374.

3    16.    In as much as the PSA requires that its terms be kept confidential, Plaintiff has abided

4    by its terms and has not attached a copy herewith.

5    17.    Plaintiff has duly performed all the conditions required to be performed under the

6    written PSA, except as such performance has been excused, prevented, repudiated or estopped by

7    Defendant.

8    18.    Defendant has breached the PSA and now refuses to perform its terms.

9    19.    As a result of Defendant's breach, Plaintiff has suffered damages in a sum

10    exceeding this Court's minimum jurisdictional requirement, which are currently difficult to

11    ascertain due to the uniqueness of the Property.

12    20.    The PSA contains provision for award of cost and reasonable attorney's fees to the

13    prevailing party, and as such Plaintiff requests an award for same at the conclusion of this matter.

14                          **<u>SECOND CAUSE OF ACTION</u>**

15                                Specific Performance

16                              (Against All Defendants)

17    21.    Plaintiff realleges and incorporates by reference paragraphs 1 – 20 as though fully

18    set forth herein.

19    22.    The subject matter of the PSA is real property, which is unique, non-fungible, and

20    irreplaceable in character.

21    23.    Plaintiff is informed and believes and thereon alleges that the purchase price as set

22    forth in the PSA represents the fair and reasonable market value of the Property as of the date of the

23    PSA.

24    24.    Plaintiff was at all times and is now ready, willing, and able to perform all

25    conditions and covenants required on its part to be performed, in accordance with the terms and

26    conditions of the PSA and have been prevented by Defendant's conduct, breaches and repudiations.

27    25.    Defendant has failed and refused, and continues to fail and refuse, to perform the

28    conditions and covenants of the PSA.

4



26.     Under the PSA, Plaintiff is authorized to seek specific performance should Defendant fail to comply with its obligations thereunder.

27.     Based on the foregoing, Plaintiff requests that Defendant be ordered to specifically perform the terms, conditions and covenants of the PSA, and to execute all required documents to carry out the terms of the PSA and to cause the conveyance of the Property to Plaintiff.

**THIRD CAUSE OF ACTION**

Anticipatory Breach

(Against All Defendants)

28.     Plaintiff realleges and incorporates by reference paragraphs 1 – 27 as though fully set forth herein.

29.     Plaintiff is informed and believes and thereon alleges that Defendant has anticipatorily breached and repudiated its respective obligations under the PSA.

30.     As a result of Defendant's respective anticipatory breaches and repudiations, Plaintiff is entitled to full performance by Defendant of all its obligations under the PSA.

31.     As a further result of Defendant's respective anticipatory breaches, Plaintiff is excused and relieved from any further obligations under the terms of the PSA, until such time that Defendant retracts such repudiation and agrees to proceed with its duties and obligations thereunder, without further condition or reservation.

32.     As a result of Defendant's respective breaches, Plaintiff has suffered damages in a sum exceeding this Court's minimum jurisdictional requirement, which are currently difficult to ascertain due to the uniqueness of the Properties.

**FOURTH CAUSE OF ACTION**

Declaratory Relief

(Against All Defendants)

33.     Plaintiff realleges and incorporates by reference paragraphs 1 – 32 as though fully set forth herein.

5

**COMPLAINT**



34.     Plaintiff alleges on information and belief that an actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the PSA.

35.     Plaintiff contends that the PSA is a valid and enforceable written contract between Plaintiff and Defendant for the purchase and sale of the Property, and under which Defendant is to transfer the Property to Plaintiff in exchange for Plaintiff's payment of the purchase price on the closing date.  Plaintiff alleges on information and belief that Defendant disputes these contentions and contends that the PSA is either invalid or that it is somehow excused from proceeding with the transaction.

36.      Plaintiff desires a judicial declaration of the rights, duties, and obligations of all parties under the PSA.  A judicial declaration is necessary and appropriate at this time in order that Plaintiff and Defendant may ascertain their duties, rights, responsibilities, and obligations under the PSA now and as to avoid controversy in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.     That Defendant, and their respective officers, agents, servants, employees and attorneys and each of them, be ordered to specifically perform the terms and conditions of the PSA with Plaintiff;

2.     For damages suffered by Plaintiff in an amount not yet ascertained, but which shall be reflected through leave of Court once the exact amount of such damages is ascertained;

3.     For attorneys' fees pursuant to the PSA;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem just and proper.

Date:  September 15, 2025                          By:   /s/ *Brandon Q. Tran*
                                                                    Brandon Q. Tran
                                                                 Jesse D. Franklin-Murdock
                                                          Attorneys for Plaintiff PATRICK THEODORA

6

**COMPLAINT**

1

## **REQUEST FOR JURY TRIAL**

2

Plaintiff PATRICK THEODORA respectfully requests a jury trial for all applicable claims.

3

4

Date:  September 15, 2025                                                By:   /s/ *Brandon Q. Tran*

5

Shawn E. Cowles

Brandon Q. Tran

Jesse D. Franklin-Murdock

6

Attorneys for Plaintiff PATRICK THEODORA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

